# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK
### CASE NO.

---

THE PHOENIX OF ALBANY, LLC

       Plaintiff,

v.

**CASE NO. 1:23-cv-311 (TJM/CFH)**

THE COUNTY OF ALBANY AND
JEFFREY NEAL, AS DIRECTOR OF
ALBANY COUNTY DIVISION OF FINANCE

       Defendant.

---

## PLAINTIFF'S COMPLAINT FOR
## DAMAGES AND INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

Plaintiff The Phoenix of Albany, LLC CSL Building Group, LLC ("Plaintiff" or "Phoenix") hereby files this action against Defendant The County of Albany, New York ("Defendant County") and Defendant Jeffrey Neal, Director of Albany County Division of Finance of the Tax District for the Defendant County ("Defendant Finance Director"). This action seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages and costs and attorney's fees for the Defendants' deprivation of the Plaintiff's constitutional right to due process with regard to the deprivation of property without notice in violation of the Fourteenth Amendment to the United States Constitution and the Reconstruction Era Civil Rights Acts codified at 42 U.S.C. §§1983.

1

## JURISDICTION AND VENUE

1.      This is an action for the deprivation of Plaintiff's constitutional right to due process with regard to the deprivation of property without notice arises under the Fourteenth Amendment to the United States Constitution and the Reconstruction Era Civil Rights Acts codified at 42 U.S.C. §§1983.

2.      Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and §1343 (civil rights).

3.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

4.      Compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 1983 and 1985(3).

5.      Costs and attorney's fees may be awarded pursuant to 42 U.S.C. §1988 and Fed. R. Civ. P. Rule 54.

6.      Defendant County is subject to personal jurisdiction in this judicial district because it is domiciled in this judicial district.

7.      Defendant Finance Director is subject to personal jurisdiction in this judicial district because he is domiciled in this judicial district.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 since Defendants are domiciled within the judicial district and have engaged in unconstitutional activities and caused harm within this judicial district.

**THE PARTIES**

9.      The Plaintiff The Phoenix of Albany, LLC is a limited liability organized and existing under the laws of the State of New York with a principal place of business at 159-161 126th Street, New York, New York 10035.

7.      The Defendant County is unincorporated and operates as a political subdivision of the State of New York.

8.      The Defendant Finance Director, who is named in both his official and individual capacity, has been at all times relevant to the action the Director of Albany County Division of Finance with a principal place of business at 112 State Street, Room 1340, Albany, Albany County, New York 12207.

**COMMON FACTUAL ALLEGATIONS**

9.      The Plaintiff owns the property known as and located at 143 and 146 Montgomery Street and Centre Street, Albany, New York ("the Property").

10.     The Property consists of two (2) separate parcels known identified as Parcel Number Albany 3088-12-462 (143 Montgomery Street) and Parcel Number Albany 3088-12-463 (Centre Street) and consisting of three (3) separate tax map numbers 65.20-2-29, 65.20-2-32, and 65.20-2-37.

11.     The Plaintiff acquired title to the Property by deed dated August 15, 2017 from Sunmark Federal Credit Union and recorded in the Albany County Clerk's Office on August 23, 2017 as Instrument Number R2017-20125. A copy of the Deed is attached hereto as Exhibit A.

12.     The prior owner of the Property, Sunmark Federal Credit Union, took title to the Property by referee's deed by way of a mortgage foreclosure sale on or about September 12, 2011.

13.     On or about June 11, 2012, the Defendant County commenced a tax foreclosure proceeding for delinquent 2011 property taxes against the Property by including them in the 2012 list of Delinquent Tax Parcels filed with the Albany County Clerk and giving the required notice to Sunmark Federal Credit Union.

14.     Thereafter, the Defendant County filed a petition of foreclosure against the Property in October 2015 ("the Foreclosure Petition").

15.     The Defendant County then withdrew the Foreclosure Petition against the Property in October 2017.

16.     The Plaintiff was the record owner of the Property in October 2017, when the Defendant County withdrew the Foreclosure Petition against the Property.

17.     Then in or around March 1, 2022, the Plaintiff discovered that the Defendant County and the Defendant Finance Director obtained a final judgment by default against the Property and the Plaintiff's interest in the Property dated February 15, 2022 ("the Default Judgment").

18.     According to the court records of the Albany County Clerk for the Foreclosure Petition, the Default Judgment was supported by an Affidavit of Regularity sworn to on February 7, 2022 by Assistant Albany County Attorney Gregory A. Rutnik, Esq. together with exhibits (collectively the "Regularity Affidavit"), consisting of (a) 2 pages from the RPTL § 1122 List of Delinquent Taxes for Foreclosure Proceeding Index No. 3088-12, describing the Subject Parcels, (b) a "*Certificate of Withdrawal (Real Property Tax Law § 1138 (subds. 1, 2 and 3))*"

for each of the Subject Parcels dated October 12, 2017 withdrawing the Subject Parcels from the 3088-12 foreclosure proceeding, (c) a *Final Judgment of Foreclosure by Default, Order of Severance, Execution, and Writ of Assistance* dated October 18, 2017 (the "Prior Judgment"), under the terms of which the Subject Parcels were severed and removed from the proceeding, and (d) a "*Certificate of Reinstatement (Real Property Tax Law § 1138 (subd.4))*" dated January 14, 2022 for one of the two Subject Parcels, namely, 3088-12-462 (143 Montgomery Street, City of Albany).

19.     The Defendant County and Defendant Finance Director stated, in obtaining the Default Judgment, that it had issued a Certificate of Reinstatement for the Property.

20.     However, the Plaintiff's review of the records for the Foreclosure Proceeding on file with the Albany County Clerk's office indicates that the Defendant County and Defendant Finance Director did not file a certificate of reinstatement in the docket for the Property.

20.     Real Property Tax Law § 1138 (4)(c) requires that the enforcing officer of the taxing jurisdiction bringing an RPTL Article 11 foreclosure proceeding file a copy of each certificate of reinstatement within ten business days from the issuance of the certificate.

21.     The purpose of this public filing of the certificate of reinstatement is to provide public notice as to the reinstatement of the Foreclosure Proceeding.

22.     The Plaintiff's attorney in the Albany County tax foreclosure proceeding John V. Hartzell, Esq. personally reviewed the documents on file with the Albany County Clerk's Office related to the Foreclosure Petition against the Property.

23.     Upon Attorney Hartzell's review, he determined that neither the physical records at the County Clerk's office nor the computerized docket system provided this notice as of

January 24, 2022, ten days after the certificates of reinstatement were apparently issued by the Defendant County.

24.    On February 9, 2022, Attorney Hartzell obtained a printed copy of the docket from the Albany County Clerk for the Foreclosure Petition, which did not reflect any docket entries between November 16, 2021 and January 27, 2021.

25.    As of February 9, 2022, the Albany County Clerk had no record of the Defendant County filing a certificate of reinstatement as required by Article 11 of the Real Property Tax Law in the Foreclosure Petition.

26.    On February 23, 2022 and February 24, 2022, Attorney Hartzell went to the Albany County Clerk's Office to inspect the Court files for the Foreclosure Petition related to the Property and to interact with the County Clerk staff to determine what, if any, certificates, and regularity motion papers had been filed with the Clerk's Office.

27.    After reviewing the Clerk's computer docket system for the Foreclosure Petition, physically inspecting the files related to the Foreclosure Petition, and speaking with representatives of the Clerk's staff, Attorney Hartzell determined that Albany County did not file the required certificates of reinstatement as required by the express provisions of the Real Property Tax Law.

28.    Real Property Tax Law §1138(4)(c) requires that the Defendant Finance Director, as the enforcing officer of the Defendant County, file a copy of each certificate of reinstatement within ten (10) business days from the issuance of certificate.

29.    As indicated from the Albany County Clerk's records, the Defendant Finance Director and the Defendant County failed to file the certificates of reinstatement within ten (10) business days of the Defendants' issuance of the certificates of reinstatement.

30.    Further, Article 11 of the Real Property Tax Law requires that to reinstate a previously withdrawn foreclosure proceeding, the enforcing officer (Defendant Finance Director) must (i) file a new petition of foreclosure for the reinstated parcels, (ii) publish and serve notice of the reinstated proceedings, and (iii) provide, at a minimum, a three-month redemption period following publication of the notice.

31.    The Defendant County and Defendant Finance Director failed to comply with any of the requirements of Article 11 of the Real Property Tax Law related to the reinstatement of the Property to the tax foreclosure proceeding.

32.    The Defendant County and Defendant Finance Director did not file a new petition of foreclosure for the reinstated parcels (the Property) with the Albany County Clerk.

33.    The Defendant County and Defendant Finance Director did not publish and serve notice of the reinstated proceedings for the Property with the Plaintiff.

38.    The Defendant County and Defendant Finance Director did not provide, at a minimum, a three-month redemption period following publication of the notice to the Plaintiff for the Property.

39.    The Plaintiff did not have actual or constructive notice of the reinstatement of the Property to the tax foreclosure proceeding by the Defendants.

40.    Here, when the Defendant Finance Director  as the Defendant County determines that  proceeding against a previously withdrawn parcel should be reinstated pursuant to RPTL §1138(4)(a), the Defendant Finance Director must then issue a certificate of reinstatement, which must be filed with the County Clerk within ten (10) days of issuance.

41.     Following issuance and filing of a certificate of reinstatement, the enforcing officer shall file a petition of foreclosure pertaining to the affected parcel (the Property) as soon thereafter as practicable.

42.     When filing this petition of foreclosure, the Defendant Finance Director forthwith shall cause a notice of foreclosure to be published in each of three non-consecutive weeks in a two-month period in at least two newspapers designated by him or her ("the Published Notice").

43.     The Published Notice must specify a last day of redemption which is a date at least three months after the date of first publication of the notice.

44.     In addition to this public notice, the enforcing officer shall on or before the date of the first publication of the notice above set forth cause a notice to be mailed to (i) each owner and any other person whose right, title, or interest was a matter of public record as of the date the list of delinquent taxes was filed, which right, title or interest will be affected by the termination of the redemption period, and whose name and address are reasonably ascertainable from the public record,

45.     The Plaintiff's name and address were reasonably and easily ascertainable form the public record as a result of the recording of the deed from Sunmark Federal Credit Union to the Plaintiff recorded with the Albany County Clerk in August 2017.

46.     Further, the Plaintiff and Defendant County have been involved in protracted litigation in both New York State Court and United States Bankruptcy Court, regarding the Plaintiff's ability to reinstate the taxes on the Property.

47.     In the Bankruptcy Court proceedings, the Defendants consistently indicated that the Plaintiff owned the Property, and their sole purpose and intention was to collect the property tax arrears from the Plaintiff related to the Property.

8

48.    In the Bankruptcy Court proceedings, the Defendants filed a Proof of Claim for the real estate tax arrears owed by the Plaintiff as the owner of the Property.

49.    At present, the Plaintiff estimates that it owes the Defendant County approximately less than Six Hundred Thousand and 00/100 ($600,000.00) Dollars in real estate taxes ("the Tax Arrears").

50.    At present, the Plaintiff is ready, willing, and able to tender the Tax Arrears to the Defendant County, which would allow the Defendants to complete its process of collection of the real estate taxes due on the Property.

51.    However, the Defendants have refused to accept the tender of the Tax Arrears from the Plaintiff and has instead engaged in the marketing and selling of the Property to a third party for development.

52.    In addition, the City of Albany has pursued several enforcement actions against the Plaintiff as the owner of the Property, seeking damages for failure to make repairs to the Property.

53.    Upon information and belief, the Plaintiff paid real estate taxes on the Property in 2021 for certain property taxes levied against the Property, which were accepted and applied.

54.    Based upon the Defendants' actions in marketing and selling the Property to a third-party developer, the Defendants' failure to provide notice of the reinstated Property tax foreclosure proceedings, without notice to the Plaintiffs, was done intentionally to deprive the Plaintiff of its interest in the property without due process.

55.    In so doing, the Defendants rendered the Plaintiff unable to respond to the reinstated tax foreclosure proceedings related to the Property.

56.    The Defendants failed to take any of the steps enumerated above and failed to complaint with the notice requirements of RPTL §1124, §1125, and §1138.

57.    As a direct result of the Defendant County and Defendant Finance Director's conduct, and the Plaintiff's lacked actual or constructive notice of reinstatement of the Foreclosure Proceeding against the Property by the Defendants prior to the entry of Default Judgment of Foreclosure.

58.    As a direct result of the Defendant County and Defendant Finance Director's conduct, the Plaintiff was deprived of its property without due process of law.

59.    Specifically, the Albany County Supreme Court enter a default judgment against the Plaintiff in the reinstated tax foreclosure proceeding when the Plaintiff did not file an answer or responsive pleading in that matter.

60.    The Plaintiff had no knowledge of the reinstated tax foreclosure proceeding and therefore was unaware of its need to file an answer or other responsive pleading in the reinstated matter.

61.    The Defendants' conduct in failing to comply with the notification requirements of the Real Property Tax Law were intended to deprive the Plaintiff of notice of the reinstated tax foreclosure proceedings against the Property in order to cause the Plaintiff to default in said proceedings.

62.    The Defendants' conduct in failing to comply with the notification requirements of the Real Property Tax Law, were designed and intended to deprive the Plaintiff of its interest in the Property.

63.    The Defendants' conduct in failing to provide the Plaintiff with notice of the reinstated tax foreclosure proceeding, deprived the Plaintiff of its Property without due process of law.

64.     The Defendants' conduct was not reasonably calculated to provide the Plaintiff as an interested party with notice of the pendency of the reinstatement of the foreclosure proceedings against the Property.

65.     The Plaintiff should have received notice of the reinstated Foreclosure Proceeding from the Defendants before the entry of the default judgment of tax lien foreclosure occurred in connection with the Property.

66.     The Plaintiff does not dispute the assessment of taxes against the Property, the valuation of the Property by the Defendants for the purpose of assessing taxes, or the payment of the taxes due under the Real Property Tax Law.

67.     Upon information and belief, the Defendant has approved a resolution to allow the County to convey the Property to a third-party CW Skyway LLC, which if allowed to proceed would represent a permanent termination of the Plaintiff's ownership interest in the Property.

68.     Further, the if the Defendants' intentional failure to provide notice to the Plaintiff regarding the reinstatement of the Property to the tax foreclosure proceedings is allowed to proceed, the Defendant County will continue to deprive other property owners of their property without due process of the law.

## **CAUSE OF ACTION**
### **Violation of 14th Amendment and 42 U.S.C. §1983**

69.     Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 68 above.

70.    The 14th Amendment to the United States Constitution provides in relevant part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

71.    42 USC 1983 provides : "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law suit in equity, or other proper proceeding for redress.

72.    At all times mentioned herein Defendant County and Defendant Finance Director were acting under color of law.

73.    At all times  mentioned herein the Defendant County and Defendant Finance Director  acted intentionally in depriving the Plaintiff of its due process rights as guaranteed by the 14th Amendment to the United States Constitution.

74.    Defendants' intentional actions were a direct and proximate cause of the constitutional deprivation and resulting damages suffered by the Plaintiff.

75.    Defendants intentionally deprived Plaintiff of its property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

76.    By unlawfully taking the Plaintiffs' property without due process of law and engaging in a conspiracy to that end, Defendants have violated 42 U.S.C. § 1983 and are jointly and severally liable thereunder.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiff demands judgment on all counts of this Complaint and requests that this Court enter an award relief against Defendants as follows:

a.    Declare the Defendants' conduct to be in violation of the Plaintiff's rights;

b.    Enjoin Defendants from engaging in such conduct;

c.    Reinstate title to the Properties known as and located at t 143 and 146 Montgomery Street and Centre Street, Albany, New York ("the Property") consisting of two (2) separate parcels known identified as Parcel Number Albany 3088-12-462 (143 Montgomery Street) and Parcel Number Albany 3088-12-463 (Centre Street) and consisting of three (3) separate tax map numbers 65.20-2-29, 65.20-2-32, and 65.20-2-37, to the Plaintiff;

d.    Award compensatory damages to the Plaintiff of Five Hundred Thousand and 00/100 ($500,000.00) Dollars;

e.    Award punitive damages to the Plaintiff of One Million and 00/100 ($1,000,000.00) Dollars against the Defendants;

f.    Award the Plaintiff his costs and attorney's fees; and

g.    Grant the Plaintiff such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

The Plaintiff demand a jury to try all claims triable by a jury.

Dated: March 8, 2023

The Phoenix of Albany, LLC
By its attorney,

Matthew J. Sgambettera
N.D.N.Y. Bar No. 510996
The Sgambettera Law Firm
480 Broadway, Suite 316
Saratoga Springs, New York 12866
518-505-4962 (phone)
518-587-0575 (facsimile)
msgambettera@gmail.com