UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THE PHOENIX OF ALBANY, LLC,

       Plaintiff,

  v.                                       No. 1:23-cv-311
                                            (TJM/CFH)

THE COUNTY OF ALBANY, and
JEFFREY NEAL, As Director of Albany
County Division of Finance,

       Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

Before the Court is Defendants' partial motion to dismiss the Complaint. See dkt. # 8. The parties have briefed the issues, and the Court will decide the matter without oral argument.

**I.    Background**

This case concerns a foreclosure action by Defendant Albany County on property owned by Plaintiff The Phoenix of Albany, LLC ("the Phoenix"). Plaintiff alleges that Defendants violated the Phoenix's constitutional right to due process by depriving Plaintiff of property without notice. See Complaint ("Complt."), dkt. # 1.

The case concerns property located at 143 and 146 Montgomery and Centre Street in Albany, New York. Id. at ¶ 9. That property is divided into two parcels, Parcel Number

1

Albany 3088-12 (143 Montgomery Street) and Parcel Number Albany 3088-12-463 (Centre Street).  Id. at ¶ 10.  The parcels consist of three separate tax map numbers.  Id.  Plaintiff alleges that The Phoenix acquired the property in question from Sunmark Federal Credit Union ("Sunmark") by deed on August 15, 2017.  Id. at ¶ 11.  Plaintiff recorded the deed in the Albany County Clerk's Office on August 23, 2017.  Id.  Sunmark obtained the property by referee's deed after a foreclosure sale on September 12, 2011.  Id. at ¶ 12.

Albany County commenced a foreclosure action on the property in question on June 11, 2012, citing delinquent 2011 property taxes.  Id. at ¶ 13.  The County had included the property on the 2012 list of Delinquent Tax Parcels filed with Albany County and gave the required notice to Sunmark.  Id.  The County filed a petition of foreclosure against the property in October 2015.  Id. at ¶ 14.  The County withdrew the petition in October 2017.  Id. at ¶ 15.  At that time, Plaintiff had become the record owner of the property.  Id. at ¶ 16.

On March 1, 2022, Plaintiff discovered that on February 15, 2022 the County and Defendant Albany County Finance Director Jeffrey Neal had obtained a final judgment by default against the property and the Plaintiff's interest in the property.  Id. at ¶ 17.  Court records demonstrate that the default judgment came after Assistant Albany County Attorney Gregory A. Rutnik filed an affidavit of regularity supported by exhibits.  Id. at ¶ 18.  In obtaining the foreclosure, Plaintiff claims, Defendants represented that they had obtained a Certificate of Reinstatement for the property.  Id. at ¶ 19.  Plaintiff alleges, however, that a review of the records for the foreclosure proceeding indicates that the Defendants never filed a such a certificate.  Id. at ¶ 20.

Plaintiff alleges that Defendants did not follow New York law when they obtained a foreclosure on the property in question.  Plaintiff contends that New York real estate law

2

requires that a party that brings a foreclosure proceeding under these circumstances file a copy of the certificate of reinstatement within ten days after issuance of such a certificate. Id. at ¶ 20.[1]  The purpose of such public fling "is to provide public notice as to the reinstatement of the Foreclosure Proceeding." Id. at ¶ 21.  Further review by Plaintiff's attorney in the foreclosure action indicated that no certificate of reinstatement had been filed in the court record, and "[a]s of February 9, 2022, the Albany County Clerk had no record of the Defendant County filing a certificate of reinstatement as required by Article 11 of the Real Property Tax Law in the Foreclosure Petition." Id. at ¶ 25.  Additional review satisfied counsel that Defendants "did not file the required certificates of reinstatement as required by the express provisions of the Real Estate Property Tax Law." Id. at ¶ 27. Plaintiff also alleges that Defendants violated the Real Property Tax Law by failing to file a new foreclosure petition for reinstating the parcels, failing to publish and serve notice of the reinstated proceedings, and failing to provide a three-month redemption period following publication of the notice. Id. at ¶¶ 30-39.  The Complaint describes the steps necessary to provide proper notice of an intent to foreclose. Id. at ¶ 40-44.

Plaintiff alleges that the Phoenix's name and address were available on the public record because the deed from Sunmark had been recorded with the Albany County Clerk in August 2017. Id. at ¶ 45.  In addition, Plaintiff and the Defendant County had been involved in a dispute in New York State Court and federal bankruptcy court concerning the tax dispute on the property. Id. at ¶ 46.  In the bankruptcy proceedings, Defendants claimed that Plaintiff owned the property, and stated an interest only in recovering the unpaid

---

[1]Plaintiff's Complaint contains two paragraphs 20.  The paragraph here cited is the second.

property taxes connected to that property.  Id. at ¶ 47.  Defendants filed a proof of claim in the bankruptcy court for unpaid real estate taxes owed by Plaintiff as owner of the property in question.  Id. at ¶ 48.  Plaintiff estimates that the current debt on the property for real estate taxes is less than $600,0000.  Id. at ¶ 49.  Plaintiff is able and ready to pay those arrears.  Id. at ¶ 50.  Rather than accepting these funds, Defendants have instead marketed the property and "engaged in . . . selling" that property to a third party.  Id. at ¶ 51.  Still, the City of Albany has engaged in several enforcement actions against Plaintiff as property owner, demanding damages for failing to make repairs.  Id. at ¶ 52.  Plaintiff also alleges that the Phoenix paid property taxes on the property in 2021, and that such taxes 'were accepted and applied."  Id. at ¶ 53.

Plaintiff alleges that "Defendants' actions in marketing and selling the Property to a third-party developer [and] the Defendants' failure to provide notice of the reinstated Property tax foreclosure proceeding, without notice of the Plaintiffs" were an intentional effort "to deprive Plaintiff of its interest in the property without due process."  Id. at ¶ 54.  Defendants' actions allegedly left "Plaintiff unable to respond to the reinstated tax foreclosure proceedings related to the property."  Id. at ¶ 55.  Plaintiff alleges that the Phoenix "lacked actual or constructive notice of reinstatement of the Foreclosure Proceeding against the Property by the Defendants prior to the entry of Default Judgment of Foreclosure."  Id. at ¶ 57.  This conduct resulted in Plaintiff failing to file an answer to the reinstated tax foreclosure action and the Albany County Supreme Court entering a default judgment against The Phoenix.  Id. at ¶¶ 58-60.  Plaintiff alleges that Defendants' conduct was intentional, an effort to cause Plaintiff to default and "deprive the Plaintiff of its interest in the property."  Id. at ¶¶ 61-62.

While Plaintiff "does not dispute the assessment of taxes against the Property, the valuations of the Property by the Defendants for the purpose of assessing taxes, or the payment of the taxes due under the Real Property Tax Law," Plaintiff contends that the foreclosure and sale of the property violated due process. Id. at ¶¶ 63-66. Plaintiff also contends that the Defendants have approved a resolution to sell the property to a third party, which would deprive Plaintiff of use of that property. Id. at ¶ 67.

Plaintiff's Complaint raises a single cause of action for violation of Plaintiff's Fourteenth Amendment due process rights. As relief, Plaintiff seeks: a declaratory judgment that "Defendants' conduct [was] in violation of the Plaintiff's rights"; an injunction prohibiting "Defendants from engaging in such conduct"; an order "[r]einstat[ing] title to the Properties" in question; compensatory damages of $500,000; punitive damages; and costs and attorneys fees.

After Plaintiff served Defendants with the Complaint, Defendants filed the instant motion. The parties have briefed the issues, including providing supplemental argument when the status of a state-law case covering the same subject matter changed.

## II.    LEGAL STANDARD

Defendants seek dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" Cortlandt St. Recovery Corp. v. Hellas Telecomms., 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). A court addressing such a motion "may refer to evidence outside the pleadings," and the plaintiff "has the burden of providing by a preponderance of the

5

evidence" that subject matter jurisdiction "exists." Makarova, 201 F.3d at 113.

### III. Analysis

For reasons that will become clear, the Court will first address the issue of Younger abstention, which the parties addressed in supplemental briefing following a change in status of the state-law case related to this matter.

#### A. Younger Abstention

"The Supreme Court has stated that the obligation of federal courts to hear cases within their jurisdiction is 'virtually unflagging.'" Cavanaugh v. Geballe, 28 F.4th 428, 432 (2d Cir. 2022) (quoting Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976)). While courts sometimes abstain from hearing cases "out of respect for certain state court functions . . . abstention is 'the exception, not the rule.'" Id. (quoting Sprint Communs. v. Jacobs, 517 U.S. 69, 82 (2013)). "Younger [abstention] generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002) (citing Younger v. Harris, 401 U.S. 37, 43 (1971)). Younger abstention applies "'only in three exceptional circumstances involving (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" Cavanaugh 28 F.3d at 432 (quoting Falco v. Justices of the Matrimonial Parts of the Supreme Court, 805 F.3d 425, 427 (2d Cir. 2015)). In deciding whether to apply Younger abstention to cases that fall in one of these three categories, courts may also consider "[w]hether 'there is (1) an ongoing state judicial proceeding [that]

6

(2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges.'" Id. (quoting Sprint, 571 U.S. at 81).

On May 12, 2023, Defendants wrote the Court requesting leave to supplement their briefing on the motion to dismiss. See dkt. # 17. Defendants related that their moving papers on the instant motion had informed the Court "that the Phoenix's appeal of" a state-court decision that denied the Phoenix's motion to vacate the state-court foreclosure default judgment "had been dismissed upon the Phoenix['s] failure to timely perfect." Id. Defendants related that, at the time they filed their motion to dismiss, "the Phoenix filed a Motion to Vacate the Dismissal of Its Appeal with the Appellate Division of the Supreme Court of the State of New York[.]" Id. The Appellate Division, Third Department, "vacated its dismissal and provide[d] the Phoenix additional time to perfect its appeal." Id. Given this change in circumstances, the Court granted Defendants leave to supplement their briefing to address the issue of Younger abstention. See dkt. # 18.

Defendants argue that this revival of the state-law claim means that Plaintiff asks this Court and the state court simultaneously to consider Plaintiff's arguments regarding how New York real property law should be interpreted. Under those circumstances, Defendants argue, the Court should apply Younger abstention and decline to consider Plaintiff's claims for equitable and declaratory relief. Plaintiff disputes whether this case implicates any of the three exceptional categories of litigation to which Younger applies, and argues that the Plaintiff's request for monetary damages prevents the Court from abstaining on any of the claims.

In addressing the third factor used to determine whether Younger abstention applies, the Second Circuit Court of Appeals has determined that "federal courts should refrain from

7

interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their judgments." Id. at 434.  Still, "Younger abstention does not prevent a federal court from exercising its jurisdiction simply because its decision might contradict a state court decision." Id.  Courts in this circuit, however, have found that "'[a] state foreclosure action is a 'civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts[.]'" Weaver v. N.Y. State Off. of Ct. Admin., 2023 U.S. Dist. LEXIS 42261 at *16 (N.D.N.Y. Mar. 14, 2023) (quoting Santana v. Fed. Nat'l Mortg. Ass'n, No. 15cv1424, 2016 U.S. Dist. LEXIS 19382, at *4, 2016 WL 676443, at *2 (N.D.N.Y. Feb. 18, 2016)).  Such courts have found that a state foreclosure action is a "'civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts'" and abstained from hearing the federal case. Abbatiello v. Wells Fargo Bank, N.A., 116 A.F.T.R.2d (RIA) 6521 at *9 (E.D.N.Y. Oct. 8, 2015) (quoting Sprint, 134 S.Ct. at 588); see also, Fequiere v. Tribeca Lending, No. 14cv812, 2014 U.S. Dist. LEXIS 183152 at *8-9 (E.D.N.Y. July 15, 2014) ("'[T]o the extent [p]laintiff seeks federal court intervention in an on-going state foreclosure proceeding, such claims are generally barred by Younger v. Harris'") (quoting Marcelo v. EMC Mortg. Corp., No. 10-cv-5964, 2011 U.S. Dist. LEXIS 50063, at *4 (E.D.N.Y. May 6, 2011)); Muong v. Fannie Mae, No. 13cv6564, 2013 U.S. Dist. LEXIS 176424 at *7 n.1 (E.D.N.Y. Dec. 16, 2013).

      The Court agrees with these Courts and finds that this matter–where Plaintiff seeks declaratory and injunctive relief that would disrupt an ongoing state-court proceeding–represents one of the rare circumstances where Younger abstention applies to any claims seeking declaratory or injunctive relief.  The Court also finds that the three

additional factors the Court can consider in these circumstances--"[w]hether 'there is (1) an ongoing state judicial proceeding [that] (2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges'"–counsel in favor of abstention. Cavanaugh 28 F.3d at 432. There is an ongoing state proceeding, and issues of property taxes and disputes over the disposition of property interests implicate fundamental issues of state law and important state interests. Plaintiff can also raise any federal issues in that proceeding. The Court will therefore apply Younger and abstain from considering any request for declaratory or injunctive relief. The motion will be granted in that respect.

Plaintiff contends that Younger cannot apply because The Phoenix also seeks money damages as a result of Defendants' alleged violation of constitutional rights. Courts have certainly found that Younger abstention does not apply when a plaintiff seeks only compensatory damages. See Kirschner v. Klemons, 224 F.3d 227, 238 (2d Cir. 2000) ("[A]bstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory or injunctive relief."). Under circumstances where a case would be subject to Younger abstention but only compensatory damages are sought, "a stay of the action pending resolution of the state proceeding may be appropriate." Id. Thus, the inclusion of potential money damages does not permit a party to raise claims for declaratory and injunctive relief that would otherwise be subject to Younger abstention. Courts faced with a situation where a plaintiff seeks both monetary and declaratory and injunctive relief may stay consideration of the claim for monetary damages pending resolution of the state-court suit. See, e.g., Bukowski v. Spinner, 709 Fed. Appx. 87, 88 (2d Cir. 2017) (declining

9

to stay claim for monetary damages despite Younger abstention because plaintiff's "claims for damages plainly fail."); Lewis v. Legal Servicing, LLC, No. 19cv8085, 2022 U.S. Dist. LEXIS 125278, at *18 n.11 (S.D.N.Y. Mar. 15, 2022) ("Though a court may stay claims for monetary damages pending resolution of the state action, that is unnecessary since Plaintiff's claims 'plainly fail' for failure to state a claim.") (quoting Bukowski, 225 F.3d at 238); Miller v. Carroll, 2021 U.S. Dist. LEXIS 92827, at *36 (Dist. Conn. Mar. 17, 2021) ("here, the individual capacity claims raised by Miller seek damages and thus abstention under Younger would be inappropriate.  However, the Court could stay these proceedings until the adjudication of the state reinstatement proceedings are finalized.  Because the Court finds that Miller has failed to state a claim upon which relief can be granted . . . such stay is unnecessary here.").  As Plaintiff has not clearly failed to state a claim upon which relief can be granted on the claim for damages, the Court will stay that portion of the claim seeking monetary damages.  The outcome of the state case may have some role in determining whether and to what extent Plaintiff may be entitled to monetary damages.

The Court will therefore grant the motion and dismiss the Plaintiff's claims for declaratory and injunctive relief pursuant to Younger.  The Court will stay the case with respect to the claims for monetary damages pending the outcome of the state-court matter. Defendants may renew their motion to dismiss should the Court lift the stay.

## IV.  CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss, dkt. # 8, is hereby **GRANTED** with respect to that portion of the complaint's sole count that seeks declaratory and injunctive relief.  The case is hereby **STAYED** with respect to any part of that count that

seeks monetary relief.  Plaintiff shall inform the Court within 30 days of resolution of the state-court matter whether the Plaintiff intends to continue to pursue claims for monetary damages in this Court.

**IT IS SO ORDERED.**

_____
Thomas J. McAvoy
Senior, U.S. District Judge

Dated: November 2, 2023