UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THE PHOENIX OF ALBANY, LLC,

                        Plaintiff,

  v.                                                         1:23-cv-311
                                                              (ECC/PJE)

THE COUNTY OF ALBANY and
JEFFREY NEAL, as Director of Albany
County Division of Finance,

                        Defendants.
_____

Matthew J. Sgambettera, Esq., *for Plaintiff*
Kevin McDonald Cannizzaro, Esq., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:[1]**

**MEMORANDUM-DECISION AND ORDER**

On March 8, 2023, Plaintiff The Phoenix of Albany, LLC (Phoenix) commenced this action against Defendants the County of Albany (the County) and Jeffrey Neal as Director of the Albany County Division of Finance (collectively the Defendants), asserting Fourteenth Amendment due process violations arising from foreclosure proceedings in Albany, New York, and seeking a declaratory judgment, injunctive relief, compensatory damages, and punitive damages.

On March 30, 2023, Defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), Dkt. No. 8, and Phoenix opposed the motion, Dkt. No. 15-1. While the motion was pending, Defendants advised the Court that the Appellate

---

[1] This case was originally assigned to the Honorable Thomas J. McAvoy, Senior United States District Judge, and has been reassigned to the undersigned.

Division of the Supreme Court of the State of New York, Third Department (Third Department) had vacated the dismissal of Phoenix's state-court appeal concerning the underlying foreclosure, and given Phoenix additional time to perfect. Dkt. No. 17 at 1. Defendants sought and were granted additional briefing on their pending motion, taking the position that "the revival of [ ] Phoenix's appeal" implicated the *Younger* abstention doctrine. *Id.* at 2, Dkt. No. 18. Senior United States District Judge Thomas J. McAvoy subsequently issued a decision granting the Defendants' motion to dismiss "with respect to that portion of the complaint's sole count that seeks declaratory and injunctive relief," and staying "any part of" the sole count "that seeks monetary relief" until the state-court matter was resolved, with leave to renew upon removal of the stay. Dkt. No. 22 at 10-11.

On March 13, 2024, Defendants notified Judge McAvoy that the Third Department had denied Phoenix's appeal, and requested (1) the stay be lifted and (2) permission to renew their motion to dismiss, relying on their earlier briefing. Dkt. No. 31; *see also* Dkt. No. 34-1 ¶¶ 9, 12, 13. On March 15, 2024, Judge McAvoy lifted the stay. Dkt. No. 32. Presently before the Court is Defendants' renewed motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 34. Phoenix opposes the renewed motion relying on its earlier briefing. Dkt. No. 38.

## I.   FACTS

### A.   Materials Outside the Pleadings

Defendants have submitted extrinsic documents in support of their motion to dismiss. *See* Dkt. Nos. 9, 31, 34. Phoenix argues that the "statements and documents submitted by the Defendants simply raise facts already presented" in the Complaint, and that they should not be considered with the motion. Affirmation of Matthew Sgambettera, Esq. ¶ 6, Dkt. No. 15.

2

"In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), 'a district court . . . may refer to evidence outside the pleadings.'" *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140 (LEK/TWD), 2021 WL 2142924, at *2 (N.D.N.Y. May 26, 2021) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). As a result, to the extent these submissions are relevant to the application of the *Rooker-Feldman* doctrine, the Court may consider them.

B.   **Background**[2]

Phoenix "acquired title to" the property from Sunmark Federal Credit Union on August 15, 2017. Complaint (Compl.) ¶¶ 9, 11. Five years earlier, the County had "commenced a tax foreclosure proceeding" against the property, *id.* ¶ 13, and in October 2015, the County filed a petition of foreclosure against the property, *id.* ¶ 14. However, in October 2017, when Phoenix was the "record owner" of the property, the County withdrew the petition. *Id.* ¶¶ 15, 16; *see also* Declaration of Mark T. Houston (Houston Decl.) Ex. H, Dkt. No. 9-8 (certified copy of certificates of withdrawal filed on October 13, 2017).

---

[2] These facts are drawn from the Complaint, Dkt. No. 1. "The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020), but does not accept as true any legal conclusions asserted therein, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." *Herse v. Sheehan*, 6:24-cv-0065 (BKS/TWD), 2024 WL 5090695, at *3 n. 1 (N.D.N.Y. Dec. 12, 2024). The Court also considers the extrinsic evidence submitted by Defendants in support of their motion, and takes judicial notice of documents in the public record including state court filings and decisions in the Albany County Court, Index No. 3088-12, RJI No. CC-16-00001, and the Appellate Division of the Supreme Court of the State of New York, Third Department, Appeal No. 535873. The Court "takes notice only of 'the fact of such litigation and related filings' and not 'for the truth of the matters asserted in the other litigation.'" *Herse*, 2024 WL 5090695 at *3 n.1 (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)) (additional quotation omitted); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (explaining that "docket sheets are public records of which [a] court [can] take judicial notice"); *Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020) (concluding that a "state court decision" was a "public record" and therefore "appropriate for judicial notice").

"Then in or around" March 1, 2022, Phoenix "discovered" that Defendants had "obtained a final judgment by default" against the property. Compl. ¶ 17; *see also id*. ¶ 59; Houston Decl. Ex. F, Dkt. No. 9-6. On June 20, 2022, Phoenix filed an order to show cause with temporary restraining order in Albany County Court. Houston Decl. Ex. L, Dkt. No. 9-12. On June 29, 2022, the state court denied Phoenix's motion to vacate the default judgment. *Id.* Ex. M, Dkt. No. 9-13. On July 29, 2022, Phoenix appealed. *Id.* Ex. N, Dkt. No. 9-14. In December 2022, the County sold the property. *Id.* Ex. A, Dkt. No. 9-1. On March 2, 2023, the Third Department dismissed the appeal stating that it was "deemed dismissed without further court order." *Id.* Ex. O, Dkt. No. 9-15. Phoenix filed a motion to vacate the dismissal of the state-court appeal in the Third Department on March 30, 2023. Dkt. No. 19-1. On May 11, 2023, the Third Department granted Phoenix's motion to vacate dismissal of its appeal. Dkt. No. 19-2. After additional appellate litigation, on February 29, 2024, the Third Department affirmed the Albany County Court judgment. Dkt. No. 34-2.

Meanwhile, on May 31, 2022, Phoenix filed a complaint in federal court alleging due process violations arising from foreclosure proceedings. *The Phoenix of Albany, LLC v. The County of Albany, et al.*, No. 1:22-cv-00577 (LEK/ATB) (*Phoenix I*), Dkt. No. 1. On February 9, 2023, Senior United States District Judge Lawrence E. Kahn issued an order granting Phoenix's cross-motion to amend that complaint. *Phoenix I* at Dkt. No. 45. Phoenix failed to amend its complaint within the time allowed by Local Rule 15.1(c), and Judge Kahn dismissed the complaint on March 8, 2023, *id.* at Dkt. No. 47. Phoenix filed this action on the same day that *Phoenix I* was dismissed, and there were no related matters pending in state court on that date.

Phoenix alleges that the foreclosure and sale of the property violated the Fourteenth Amendment's Due Process Clause. Specifically, Phoenix alleges that the "Defendants' conduct in failing to provide [Phoenix] with notice of the reinstated tax foreclosure proceeding, deprived [Phoenix] of its Property without due process of law." Compl. ¶ 63. Phoenix also alleges that Defendants did not follow New York law during the foreclosure process because they failed to (1) file certificates of reinstatement; (2) file "a new foreclosure petition for reinstating the parcels," (3) "publish and serve notice of the reinstated proceedings," and (4) "provide, at a minimum, a three-month redemption period following publication of the notice." *Id.* ¶¶ 20, 21, 28, 30-31, 38. Phoenix maintains that its "name and address were reasonably and easily ascertainable" from the recorded deed and litigation regarding taxes that had occurred in both state court and federal bankruptcy court. *Id.* ¶ 46. In addition, Phoenix's name and address were on the recorded property deed. *Id.* ¶ 45. Finally, Phoenix alleges that it "had no knowledge of the reinstated tax foreclosure proceeding and therefore was unaware of its need to file an answer or other responsive pleading in the reinstated matter." *Id.* ¶ 60.

## II.    STANDARD OF REVIEW

Defendants argue that the Court lacks subject-matter jurisdiction to hear this case. "A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113 ). The plaintiff "has the burden of proving by a preponderance of the evidence" that subject matter jurisdiction "exists." *Makarova*, 201 F.3d at 113.

## III.   DISCUSSION

5

Defendants argue that Phoenix's claims arise from the default judgment entered in Albany County Court on February 15, 2022, and that the Complaint is barred by the *Rooker-Feldman* doctrine. Defendants' Memorandum of Law (Def. MOL) at 19-25, Dkt. No. 10. Phoenix opposes dismissal, arguing that "this case involves a violation of due process by the Defendants, which this Court can review pursuant to [42 U.S.C. § 1983], to determine whether the Defendants' actions in conducting the tax foreclosure sale of [Phoenix's] property, without notice . . . , satisfies due process . . . ." Plaintiff's Memorandum of Law (Pl. MOL), Dkt. No. 15-1 at 1.

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014); *see Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (*Rooker-Feldman* doctrine bars "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). *Rooker-Feldman* applies only if four requirements are met:

> (1) "the federal-court plaintiff must have lost in state court;" (2) "the plaintiff must complain of injuries caused by a state-court judgment;" (3) "the plaintiff must invite district court review and rejection of that judgment;" and (4) "the state-court judgment must have been rendered before the district court proceedings commenced."

*Dorce v. City of N.Y.*, 2 F.4th 82, 101 (2d Cir. 2021) (cleaned up) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *Hoblock*, 422 F.3d at 85. The underlying principle of the *Rooker-Feldman* doctrine is that "within the federal judicial system, only the Supreme Court may review state-court decisions." *Id.* at 85.

Here, the parties agree the first requirement— that Phoenix lost in state court—is satisfied.[3] "[F]ederal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court." *Exxon Mobil*, 544 U.S. 280 at 293.  In addition, "a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment," but "[p]reclusion, of course, is not a jurisdictional matter."  *Id.*

Regarding the fourth requirement—that the state-court judgment was "rendered before the district court proceedings commenced"—Defendants point out that the entry of default judgment was issued before either federal complaint was filed.  Houston Decl. Ex. F.  Phoenix, however, argues that *Rooker-Feldman* is inapplicable because *Phoenix I* was filed more than one month before the state court's decision denying the motion to vacate the default judgment.  Pl. MOL at 18.

"[F]ederal courts 'assess[] jurisdiction . . . as of the moment the complaint was filed.'" *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quoting *E.R. Squibb & Sons*, 241 F.3d 154, 163 (2d Cir. 2001)).  "The Supreme Court has emphasized that *Rooker-Feldman* deprives a federal court of jurisdiction only if the federal suit is filed 'after the state proceedings ended.'" *Id.* at 68 (quoting *Exxon Mobil*, 544 U.S. at 291).  As a result, "'*Rooker-Feldman* does not apply when state proceedings have neither ended nor led to orders reviewable by the United States Supreme Court.'" *Id.* at 70 (quoting *Malhan v. Sec. U.S. Dept of State*, 938 F.3d 453, 460 (3d Cir. 2019)).  For example, *Rooker-Feldman* does not apply when a plaintiff files a federal complaint while there is a pending state-court appeal.  *Id.* at 69–71.

---

[3] This is true even though Phoenix was not a party to the proceeding resulting in the default judgment.  *See Dorce*, 2 F.4th at 103 ("[S]omeone who loses an ownership interest in property through a state in rem foreclosure proceeding against the property has lost in state court.  The mere fact that Plaintiffs were not named parties to the state action against the property does not abrogate the operation of *Rooker-Feldman*.").

7

When Plaintiff filed the Complaint in this case on March 8, 2023, there was no pending state-court appeal.  The Third Department dismissed Phoenix's appeal on March 2, 2023, and Phoenix did not file its motion to vacate the dismissal of its appeal until March 30, 2023.  Although there was a brief pause in the state-court proceedings when the Complaint was filed, the state-court proceedings had not ended as demonstrated by the subsequent appellate litigation.  Indeed, the New York appellate court could have reversed the state-court default judgment, and then Phoenix would not be a state-court loser.  *See Hunter v. McMahon*, 75 F.4th at 70 ("While the state court proceedings were ongoing, the federal court could not conclusively determine that [the federal plaintiff] was 'the losing party in state court.'") (quoting *Exxon Mobil*, 544 U.S. at 291).  Given the impossibility of concluding that Phoenix was a state-court loser when the Complaint was filed, the state-court proceedings had not yet ended.  As a result, the state court had not "'finally resolve[d] the issue that the federal court plaintiff [sought] to relitigate in a federal forum.'"  *Id.* (quoting *Mothershed v. Justices of Supreme Court,* 410 F.3d 602, 604 n.1 (9th Cir. 2005)).  *Rooker-Feldman* therefore does not apply.

Even if the state-court proceedings had ended, *Rooker-Feldman* would still not apply because the second and third requirements are also not met here.  Regarding the second requirement—that the plaintiff complain of injuries caused by a state-court judgment— Defendants argue that "the injuries identified by [ ] Phoenix in its complaint all stem from the (allegedly tainted) unfavorable state-court judgment."  Def. MOL at 24.  Plaintiff responds that the state court's denial of Phoenix's motion to vacate the default judgment "did not create the injury complained of" by Phoenix, but instead "ratified the Defendants' actions complained of by [Phoenix] in this Court as a violation of its due process rights."  Pl. MOL at 17.

8

*Rooker-Feldman* bars a claim only when "[a] third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hoblock,* 422 F.3d at 88.  In *Dorce*, the Second Circuit concluded that *Rooker-Feldman* did not bar a due process claim alleging that New York City "instituted its in rem proceedings against property owners without issuing them notice reasonably calculated to inform them of the proceeding, and with 'actual knowledge that it was not providing [such] notice.'" *Dorce,* 2 F.4th at 106.  There, "[t]he second [*Rooker-Feldman*] requirement [was] not met because the complained of injury was produced by the City's alleged failure to provide adequate notice." *Id.*  "Although the state court judgment 'ratified' the injury, *Rooker-Feldman* [did] 'not bar jurisdiction where . . . plaintiffs' alleged injuries were merely *ratified* by the state-court judgments rather than *caused* by them.'" *Dorce*, 2 F.4th at 106 (quoting *Sung Cho v. City of N.Y.*, 910 F.3d 639, 643 (2d Cir. 2018)).

The same reasoning applies here.  Phoenix alleges that Defendants did not provide sufficient notice regarding the renewal of the foreclosure proceeding against the property.  Like *Dorce*, the complained of injury here "was produced by" Defendants' "alleged failure to provide adequate notice," and "the state court judgment 'ratified' the injury." *Id.*

Regarding the third requirement—that the plaintiff invite district court review and rejection of the state-court judgment—Defendants argue that Phoenix "invites this Court to sit in appellate review" of the state court default judgment.  Def. MOL at 23.  Plaintiff responds that its requested relief does "not involve the state court judgment." Pl. MOL at 18.

*Rooker-Feldman* does not prevent district courts, "as part of adjudicating an 'independent claim,' from 'den[ying] a legal conclusion that a state court has reached[.]'" *Id.* at 107 (quoting *Exxon Mobil*, 544 U.S. at 293) (alterations in original).  In *Dorce*, the Second Circuit explained that the state-court judgment "concluded that notice *was* provided," and that the claim would

9

therefore "require the district court to, in some sense, review the state court judgment," but nevertheless concluded that *Rooker-Feldman* did not bar adjudication of the independent claim. *Dorce*, 2 F.4th at 106.

The same reasoning applies here. Phoenix's claim could, in some sense, require review of the state-court judgment, but if this Court rules in favor of Phoenix, "the foreclosure judgments will not lose their legal force." *Dorce*, 2 F.4th at 107 (citing *Hoblock*, 422 F.3d at 87).

In their reply, Defendants assert that *Rooker-Feldman* bars "compensatory relief beyond that of the value of [the property] at the time of the judgment." Defendants' Reply, Dkt. No. 16 at 9 (citing *Dorce*, 2 F.4th at 107). Phoenix has not responded to that argument or taken a position on this issue. It is not necessary to resolve this question now because Phoenix would "be entitled to, at minimum, nominal damages" if it prevails on its claims.[4] *Dorce*, 2 F.4th at 107. In addition, Defendants seek only to cap damages at the property's value when the default judgment was entered. *See Dorce*, 2 F.4th. at 208 (concluding that plaintiffs could "seek compensatory damages equal to the excess value of their lost property, over and above the amount owed in taxes," and explaining "[t]hat is an appropriate measure of Plaintiffs' damages because, even had they been given adequate notice, their properties would still be tax-delinquent.").

For all of these reasons, the Court denies the motion. Defendants have 14 days to respond to the Complaint.

IV.    **CONCLUSION**

---

[4] In *Dorce,* the Second Circuit did not address "whether *Rooker-Feldman* would bar a claim for damages equal to the full value of Plaintiff's property on the theory that such a claim would be, in essence, a request to 'undo' the state court judgment" because "plaintiffs' counsel limited their claim for damages at oral argument." *Dorce*, 2 F.4th at 108, n.29.

For the reasons stated above, it is **ORDERED** that the Defendants' renewed motion to dismiss for lack of subject-matter jurisdiction, Dkt. No. 34, is **DENIED**; and it is further

**ORDERED** that Defendants shall answer or otherwise respond to the Complaint within fourteen (14) days of the date of this order.

**IT IS SO ORDERED.**

Dated:  April 25, 2025

_____
Elizabeth C. Coombe
U.S. District Judge